UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ISIAH WILSON, JR., ) | Case No. 07-1103-JLR-JPD |
| Plaintiff, ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| CHERI L. FILION, et al., ) | |
| Defendants. ) | |

Plaintiff Isiah Wilson, Jr., has filed an application to proceed *in forma pauperis* ("IFP") in what he styles as an assault, libel, and slander action against an administrative law judge and a medical expert involved in plaintiff's social security proceedings. Dkt. No. 1. The plaintiff's proposed complaint, his IFP application, and the complete record in this case are now before the Court.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), this Court may deny an application to proceed IFP and should dismiss a complaint if it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the present case, plaintiff fails to allege sufficient facts to place the defendants on notice of the nature of their claims or otherwise provide any basis for jurisdiction in this Court.

REPORT AND RECOMMENDATION
PAGE – 1

01 *See* Fed. R. Civ. P. 8(a). Indeed, plaintiff has failed to lodge a proposed complaint. Instead,
02 he has filed what appears to be an unfavorable determination by an administrative law judge in
03 his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income
04 ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, 1381 *et*
05 *seq*. It is clear that no amendment can cure the deficiencies in plaintiff's proposed complaint.
06 Because this action appears frivolous and fails to state a claim upon which relief can be
07 granted, it is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P.
08 12(b)(6).

09       The Court advises plaintiff of his responsibility to research the facts and law before
10 filing a complaint in order to determine whether his claim for relief is frivolous. If plaintiff files
11 a frivolous action, he may be sanctioned. *See* Fed. R. Civ. P. 11. The Court would likely
12 impose a sanction of dismissal on any frivolous complaint. Furthermore, if plaintiff files
13 numerous frivolous or malicious complaints, the Court may bar him from proceeding IFP in
14 this court. *See DeLong v. Hennessey*, 912 F.2d 1144, 1146-48 (9th Cir. 1990) (discussing bar
15 order requirements).

16       Because of the extreme deficiencies in plaintiff's IFP application and proposed
17 complaint, his request to proceed IFP should be DENIED and this action DISMISSED
18 without prejudice. 28 U.S.C. § 1915(e)(2)(B). A proposed Order of Dismissal accompanies
19 this Report and Recommendation. If plaintiff believes that the deficiencies outlined herein can
20 be cured by an amendment to his complaint, he should lodge an amended complaint as a part
21 of their objections, if any, to this Report and Recommendation. Should plaintiff seek to
22 appeal an administrative decision regarding his SSI and DIB applications, he should first appeal
23 to the Appeals Council within **60 days** of the date he received the June 29, 2007 adverse
24 decision from the Social Security Administration. After the Appeals Council reviews the
25 matter, if plaintiff remains dissatisfied, he can file a complaint in this Court against the
26 Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g).

REPORT AND RECOMMENDATION
PAGE – 2

01     DATED this 1st day of August, 2007.

02

03                                 */s/ James P. Donohue*

04                         JAMES P. DONOHUE
                          United States Magistrate Judge

REPORT AND RECOMMENDATION  
PAGE – 3